STATE v. EMMERSEN O. ANDERSON.

(Filed 19 October, 1927.)

1. **Banks and Banking—Bills and Notes—Worthless Checks—Statutes—Partnership—Evidence—Instructions—Appeal and Error.**

   Upon the trial under indictment for violating C. S., 4283, making it a misdemeanor to obtain property in return for a worthless check, etc., the evidence tended to show that the check in question was signed in the name of a certain cotton company by the defendant, and was conflicting as to whether the defendant was a member of the concern: *Held*, the question as to whether the defendant was a member of the company when he drew the check in question was not necessarily decisive of his guilt, and an instruction to find him guilty if the jury should find from the evidence he was not a partner, was reversible error.

2. **Same—Criminal Intent — Principal and Agent — Burden of Proof—Good Faith.**

   The burden of proving the guilt of defendant in violating C. S., 4283, the worthless check statute, is on the State, and where the check in question has been signed by him in the name of a certain firm and there is evidence tending to show that other checks similarly signed had been paid, with further evidence that defendant's authority to sign such checks had been revoked, the burden of proving defendant's guilt is on the State, and raises the question as to the defendant's good faith for the jury to determine.

APPEAL by defendant from *Parker, J.*, at August Term, 1927, of HALIFAX. New trial.

The defendant was indicted for violation of C. S., 4283, which makes it a misdemeanor to obtain property in return for a worthless check, draft, or order. The check for $25 was drawn on the Commercial and Farmers Bank of Enfield, and was signed "A. & W. Cotton Co., by E. O. Anderson." The defendant was convicted, and from the judgment he appealed, assigning error.

STATE *v.* JOHNSON.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Travis & Travis for defendant.*

ADAMS, J. Whether the defendant was a member of the firm of the A. & W. Cotton Company was one of the controverted questions. He contended that he was; the State, that he was not. On this point the following instructions were given the jury: "If he signed the check as a partner of the A. & W. Cotton Company, and you should find that he was not a partner, then you should find him guilty. If he was a partner of the A. & W. Cotton Company, and had the right to sign checks, then he would be not guilty." Another question in dispute was that of the defendant's good faith in drawing the check. Among the canceled checks were about a dozen which had been signed "A. & W. Cotton Company, by E. O. Anderson." They had been paid, and this fact was material on the question of the defendant's intent, if he was not a partner in the business. There was evidence tending to show that his authority to sign checks had been revoked; but as the burden of proving the defendant's guilt was on the State the facts should have been submitted to the jury under appropriate instructions. Whether he was a partner would not necessarily determine the question of his guilt or innocence.

The instruction in reference to the partnership was excepted to; comment was also made on the failure of the judge to define the word "drawer" as applied to the check and to instruct the jury in relation to it; but as the case goes back for a new trial, these matters may be presented by relevant prayers for instructions.

New trial.